UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JACQUELINE SLOAN )
)
         Plaintiff, )
v. )
)
) CASE NO. 3:10CV679
)
PORTFOLIO RECOVERY ASSOCIATES, LLC )
)
   SERVE:   Judith Scott )
                120 Corporate Blvd. )
                Norfolk, VA 23502 )
)
         Defendant. )

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Jacqueline Sloan, (hereafter, "Sloan" or "Plaintiff"), by counsel, and as for her Complaint against the Defendant, she alleges as follows:

1. This is a class action for actual and statutory damages, costs, and attorney's fees brought pursuant to and 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or "FDCPA").

### JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k.

### PARTIES

3. Plaintiff is a natural person and at all times relevant hereto was a "consumer" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Portfolio Recovery Associates, LLC, (hereafter, "PRA"), is a Delaware limited liability company with its headquarters and principal place of business located in

Virginia Beach, Virginia. At all times relevant hereto, PRA was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. In November of 2004, Defendant PRA sued Plaintiff for $7,818.48 with interest at the rate of 6% from January 1, 2004 from the date of judgment forward in the General District Courts of the Commonwealth of Virginia in an attempt to collect an alleged debt.

6. On December 10, 2004, Defendant obtained a judgment against the Plaintiff in the amount of $7,818.48.

7. Defendant thereafter issued garnishment summons attempting to collect amounts that were in excess of the judgment principal, interest, and costs awarded by the Court.

8. In December of 2009, the Defendant issued its final garnishment, which continued to illegally attempt to collect amounts that were not owed to it.

9. At the time Plaintiff satisfied the judgment, she had paid a significant amount in additional interest and costs to the Defendant that were not authorized by the Court when it issued the underlying judgment, and for which the Defendant was not entitled to collect.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692f(1)
### (Class Action Allegations)

10. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 9 above as if fully set out herein.

11. In its collection of amounts that exceeded the interest and costs awarded by the court or permitted by statute in connection with its state court collection case, PRA violated 15 U.S.C. § 1692e.

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for herself and on behalf of a class ("the FDCPA class") of similarly situated individuals initially defined as follows:

> "All natural persons who were the subject of a garnishment issued in one-year period preceding the filing date of this Complaint, in which the garnishment summons attempted to collect interest and/or costs that exceeded the amount awarded by the Court in the underlying judgment."

Excluded from the class definition are any employees, officers, and directors of PRA, and any legal representatives, heirs, successors, and assignees of PRA, and any judge assigned to hear this action.

13. **Numerosity.** **Fed. R. Civ. P 23(a)(1)** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by PRA, and the class members may be notified of the pendency of this action by published and/or mailed notice.

14. In any event, the size of the class as defined in paragraph 12 exceeds 100 natural persons.

15. **Predominance of Common Questions of Law and Fact.** **Fed. R. Civ. P. 23(a)(2)** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members.

3

16. **Typicality.** Fed. R. Civ. P. 23(a)(3) Plaintiff's claims are typical of the claims of each putative class member. Plaintiff is entitled to relief under the same causes of action as the other members of the putative class.

17. **Adequacy of Representation.** Fed. R. Civ. P. 23(a)(4) Plaintiff is an adequate representative of the putative class, because her interests coincide with, and are not antagonistic to, the interests of the members of the putative class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she has and intends to continue to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the putative class.

18. **Superiority.** Fed. R. Civ. P. 23(b)(3) Questions of Law and fact common to the putative class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive, given the complex and extensive litigation necessitated by PRA's conduct. Even if the members of the class themselves could individually afford such litigation, it would be an unnecessary burden on the Courts. Furthermore, the individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by PRA's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

19. Based on Defendant PRA's collection of amounts that exceeded the interest rate awarded by the Court in connection with its state court collection case, and judgment or

garnishment costs wrongfully assessed against the consumer in violation of § 1692f(1), the Defendant is liable to Plaintiff and each of the putative class members for their actual damages incurred, statutory damages of $1,000.00 per person, and attorney's fees and costs pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
JACQUELINE SLOAN

By _____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB#65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone:   (703) 273-7770
Facsimile:   (888) 892-3512
matt@clalegal.com